Wardlaw, Oh.,
delivered the opinion of the Court.
Upon the death of Thomas McConnell, the acting executor of the will of Matthew Allen, David Crosland, who had married the widow of testator, become administrator, with the will annexed, of the estate of said Allen, unadministered by said McConnell, and entered into a bond to the Ordinary of Georgetown district, with Holden "W". Liles and Philip E. Cros-land as his sureties; and the validity of this bond, as a foundation of a suit by legatees, is now in controversy.
Anciently, the ordinary was entitled to apply the residue of intestates’s estates, after the payment of debts, to whatever purpose his conscience might approve. To correct the flagrant abuses occasioned by this power, the statute 31 Edw. Ill, st. 1, c. 11, provided that, “ in case where a man dieth intestate, the ordinaries shall depute of the next and most lawful friends of *29 the dead person intestate, to administer bis goods,” &c. (1 "Wms. Ex’ors. 263.) These administrators, until bonds were required by statute, were entitled to enjoy exclusively the residue of the intestate’s effects, after the -payment of the debts and funeral expenses ; and where the ordinaries attempted to enforce distribution, by taking bonds from the administrators for that purpose, such bonds were prohibited by the temporal courts, and declared to be void in point of law,, on the ground that, by - the grant of administration, the ecclesiastical authority was executed, and ought to interfere no further. (2 Wms. Ex’ors. 1056.) To remedy this mischief, was passed the English statute of distributions, 22 and 23 Car. II. c. 10, which establishes the order of distribution, and empowered the ordinary to take bond from an administrator, with two or more sureties, the form of the condition of which was prescribed, mutaiis mutandis. (2 Wms. Ex’ors. 1057.) Our Act of 1789, (5 Stat. 106,) pursuing the same policy, in section 21, prescribes the form of the condition of the bond to be given by a common administrator, and, in section 20, the form of the condition of the bond to be given by an administrator with the will annexed ; and, further provides, that if the ordinary fail to take bond as aforesaid, he shall be liable to be sued, for all damages arising from such neglect, by any person interested in the estate. It thus appears that this whole matter, as to distribution and bonds, is of statutory regulation.
The condition of the bond now in question does not conform to the prescriptions of our Act of 1789, neither as to a common administrator, nor as to an administrator with the will annexed. It omits the clause required in the former case, “ and if it shall hereafter appear that any last will and testament was made by the said deceased, and the same be proved in court, and the executors obtain a certificate of the probate thereof, and the said administrator do in such case, if required, render and deliver up the said letters of administration and it omits all reference to the will of the deceased, and the clause required in the latter case, — “ and, further, do well and truly pay and deliver all the legacies contained and specified in the said will, as far as the *30 said goods, chattels and credits will extend and the law require.”
The Courts in this State have decided, in many cases, that bonds taken in pursuance of statutes directing their substantial provisions, and not expressly declaring void bonds taken in other form, are good, if the provisions of the statutes be complied with in substance, — if the bonds be not unlawful in themselves, and if the obligors be not subjected to disadvantage beyond the requirements of the statutes; — as in sheriffs’s bonds before our Act of 1829, prescribing the forms of bonds to be given by public officers, replevin bonds, attachment bonds, injunction bonds, &c. Treasurers vs. Stevens, 2 McC. 107; Treasurers vs. Bates, 2 Bail. 362; Lee vs. Waring, 3 Des. 57; Kilgore vs. Rabb, 1 N. & McC. 331; Leach vs. Thomas, 2 N. & McC. 110; Cay vs. Galliott, 4 Strob. 282. The case of Commissioners vs. Gains, 1 Tread. 459, affords an instance where the bond was considered void for substantial departure from the requirements of the statute. In some of the cases, the unlawful conditions only have been annulled, and the bonds held good, as .in Anderson vs. Foster, 2 Bail. 501; Bomar vs. Wilson, 1 Bail. 461; Dudley (Geo. R.) 22, 66. But none of these cases has full application to such a case as we now have before us, where the precise form of the bond is given by the statute. Ordinary vs. Blanchard, (3 Brev. 136,) is the only case in this State, cited to us, in which the condition of an administration bond has been submitted to judicial construction, and the decision there cannot be regarded as authoritative. The condition of the bond, there, pursued nearly the form prescribed by the English statute of distributions, and provided, amongst other things, that “ all the rest and residue of said goods, &c. shall deliver and pay unto such person or persons, respectively, as the said ordinary, by his decree, or sentence, pursuant to the true intent and meaning of the statutes and Acts of Assembly of force in this State, for the better settling intestates’s estates, shall limit and appoint,” instead of — “ all the rest, &c. shall deliver and pay unto such persons respectively, as are entitled to the same by law,” prescribed by the Act of 1789. Justices Nott and Smith thought the *31 variance fatal; Colcock, that the bond sufficiently answered the intent of our Act; and Brevard, that the bond was favorable to the administrator, not unlawful in itself, nor against the policy of the State, and intimated doubt whether the st. Car. II. was repealed; and the other Judges do not appear to have given, any opinion.
The present case seems to be within the principle of Brown vs. Spand, (2 Mill, 12,) where a married woman, entitled in fee to land, had joined her husband in the execution of a release of the land, and had relinquished her dower according to the form given in the Act of 1795, by which she renounced “ all her interest and estate, and all her right and claim of dower.” In a relinquishment of inheritance, the married woman is required to renounce all her interest, estate and inheritance. It was held that the woman was not barred, mainly on the ground that the words, in the forms for relinquishing dower and inheritance, are not equivalent. Judge Nott, delivering the opinion of the Court, says, “ the words here used, are those required in a renunciation of dower, whereas, in a release of the fee simple, the word inheritance is expressly required. So that whatever meaning the words might have had otherwise, the Act has given a meaning to 'them which can not be departed from.” By like reasoning, we may conclude, that although legatees may be considered, in a popular sense, as entitled by law to their legacies, yet the Legislature, by requiring an administrator on a will to covenant expressly, “ well and truly to pay and deliver all the legacies contained and specified in the will,” &c. has limited the application of the terms, “ entitled by law,” to such persons as are entitled by the statute of distributions. If the bond here had conformed with reasonable strictness to the condition exacted from a general administrator, it might, perhaps, have been upheld, on the presumption that the ordinary had judicially determined the case to be one of intestacy, but the omission of that part of the condition which provides for the surrender of the administration on the probate of a will, certainly extends and amplifies the liability of the administrator and his sureties. *32 The disadvantages incurred by the obligors by being required to enter into a bond for the administration of an intestate’s estate, instead of a bond for the administration with the will annexed, are well pointed out in the circuit decree. In Monk vs. Jenkins, (2 Hill Ch. 12,) Chancellor Harper says, “ where a statute is passed, authorizing a proceeding, which was not allowed by the general law before, and directs a mode in which the act shall be done, the mode pointed out must be strictly pursued. It is a condition on which alone the party can entitle himself to the benefit of the statute, otherwise the act is void.”
In Virginia and Kentucky, the conditions of bonds required from common administrators, and administrators with the will annexed, are almost literally the same with those prescribed in our Act of 1789; and in those States we have express authorities on the point under discussion, which we are content to follow. The case of Frazier vs. Frazier, sufficiently noticed in the opinion of the Chancellor, was re-affirmed in the case of Morrow vs. Peyton, (8 Leigh, 54.)
In Fulcher vs. Commonwealth, (3 J. J. Marshall, 592) the bond, on which the suit was founded, had the condition of an ordinary administration bond, but did not contain the condition for the payment of legacies, required from an administrator cum testar mentó annexe. Held, that the administrator and his sureties were not liable to suit for a legacy. See Moore vs. Waller, 1 Marsh. 488; Barbour vs. Robertson, 1 Litt. 93.
We are of opinion that the bond is not good as a statutory bond.
On the second ground of appeal, it may be remarked that, if the bond, void for nonconformity to the statute, be good as a bond at common law, it is only good for the indemnity of the Ordinary, and in that phase, the Ordinary would be the obligee in interest, and his misrepresentation, even if growing out of a mistaken construction of the will, occasioning liability and damage to the obligors, might be well held to render the bond void. We prefer, however, to put our decision on the ground that, according to the cases above cited, a legatee has no right *33 to sue on this bond; and that the question of its validity, at the common law, can be properly determined only in a suit in the court of law, in the name of the Ordinary.
It is ordered that the appeal be dismissed, and the decree of the Chancellor be affirmed.
Dunkin, Ch. concurred.
Dargan, Ch. having been of counsel, did not hear the case.

Appeal dismissed.